Eastern District of Kentucky
**FILED**

NOT FOR PUBLICATION OR CITATION

OCT 2 3 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-330-JMH

STEPHEN L. KELLER and
BOBBY GLENN GARRETT                                            PETITIONERS

VS:            **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, Warden                                          RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Stephen L. Keller, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Medical Center in Lexington, Kentucky, has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the filing fee for a habeas proceeding.

The matter is currently before the Court for screening.[1] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). For the reasons to be discussed below, the instant petition will be denied.

ALLEGATIONS AND CLAIMS

The petitioner has signed and submitted a commonly used form for prisoners filing *pro se* §2241 petitions and a typewritten Memorandum of Law in Support of Defendant's Motion for a

---

[1] As this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, the district court can dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

Preliminary Injunction [Record No. 2]. He has also filed a self-styled "2241 Motion to Quash," which is signed by him and another inmate, named Bobby Glenn Garrett [Record No. 3]. In it, both inmates seek to quash an incident report or reports and restore them to privileges, including telephone privileges, which they purportedly enjoyed prior to the incident report(s).

In the latter document the inmates allege difficulties in reaching an attorney, who has represented Garrett for years, by using the telephone. The Court will not repeat these allegations herein, as it is not necessary to the disposition of this case. It is sufficient to state that early in June of 2006, their telephone calls to the same attorney attracted the attention of BOP authorities and their calls began to be monitored. At some point, a hearing was had on whether one inmate had the other's Personal Access Code ("PAC"), a situation prohibited by prison rules.

Ultimately, these two prisoners were charged with telephone abuse, a BOP Code 328 or 397 offense when another inmate was accused, but they were charged with a more serious telephone abuse offense, a Code 297 offense,[2] allegedly because a new case manager, named Blair, desired to retaliate against Keller. They attach page one of another prisoner's incident report and point out that for the same conduct as theirs, another prisoner was charged with only the 300 level offense and was penalized with only the losses of commissary and telephone privileges for 90 days.

---

[2] BOP Program Statement 5270.07 and 28 C.F.R. §541.13, at Table 3, set out four levels of offense severity, Prohibited Acts and Disciplinary Severity Scale, and also set out the range of permissible penalties, any of which may be imposed alone or with other sanctions on a prisoner who is found guilty of violating any listed prison offense. One of the authorized sanctions is the loss of a prisoner's GCT, the amount of time to be forfeited dependent upon the severity of the offense. In the Code 100 series, Greatest Severity Category, the offenses include Code 100, killing, and 102, assault, for which the prisoner may be penalized with the loss of 27-41 days of his GCT; the Code 200 series, the High Category, covers stealing, Code 219 and assault as 224, the offense with which the Plaintiff was charged, and contains GCT loss of 14-27 days as a permissible penalty for offenses listed thereunder; the Code 300 series, is designated Moderate, and authorizes 1-14 days GCT loss upon a finding of guilty of any offense numbered in the 300's; and the lowest category, Low Moderate, covers Code 402, malingering, and other lower offenses, and the loss of GCT therefor is limited to 1-7 days.

2

Keller and Garrett allege that they, in contrast, had a hearing before a Disciplinary Hearing Officer ("DHO") on the more serious telephone abuse charge, and when found guilty, they were sanctioned with much more serious penalties, *i.e.*, the loss of 180 days of telephone privileges, 15 days in disciplinary segregation, and the loss of 27 days of good conduct time. They attach page 4 of the DHO's Report of June 30, 2006, handing down these penalties in Incident Report No. 1473986.

Keller evidently appealed his conviction. He attaches a notice issued to Keller in Administrative Remedy No. 422117-R1, regarding Incident Report No. 1473986. It contains the information that Keller's appeal to the BOP Regional Office had been received on July 17, 2006, but that a response would require extra time and would not issue until September 15, 2006. In his petition to this Court, purportedly signed on October 1, 2006, Keller points to the notice and claims that he did not ever receive a response. Therefore, pursuant to BOP procedures, it "is now time barred."

The petitioner complains of the unfairness of his disciplinary conviction, describes the hardships of the telephone restrictions because his children are too young to write, and asks that the disciplinary proceedings and sanctions be quashed.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their

3

administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

Keller is correct that these four tiers have established response times. Section 542.18 provides that as soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. The regulation also provides for one extension of time at each level, the regional office being permitted a 30-day extension to issue a response to an appeal. The regional office herein was using this extension, as the notice to Keller informed him.

Keller is incorrect about one aspect of the BOP's regulatory scheme, however. The lack of a response from the regional office, or at any level, does not bar the prisoner from pursuing his appeal to exhaustion. To the contrary, in the last sentence, the same time regulation provides, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial *at that level.*" *Id.* (emphasis added).

Therefore, Petitioner Keller was empowered to proceed with his appeal to the national level when and if the regional office failed to meet its September 15, 2006 deadline for a response. He

4

was not empowered to terminate the administrative appeals unilaterally and thus come to federal court when he had not yet informed the BOP National Office of his claims on appeal. Therefore, the instant petition will be dismissed, the dismissal to be without prejudice to the petitioner's bringing another petition after proper exhaustion.

The Court also takes this opportunity to inform Keller of two matters he should keep in mind, should he bring another habeas action. First, habeas relief is available only to the person pursuing the administrative remedies and signing the petition for writ of habeas corpus. Keller is responsible for the instant petition. Garrett, who has signed nothing but an accompanying motion, is not a proper party to the instant action, and he cannot proceed on Keller's $5.00.

Second, Keller is advised to be more forthcoming with the courts hereafter. The chief reason for the requirement that administrative remedies be exhausted is to prepare a record for the courts. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). In the instant action, Keller has not supplied to this Court 3 of the 4 pages of the DHO Report at issue, nor has he provided any copies of his appeals and the arguments which he made therein, nor has he attached the one BOP response which he had received, the warden's response. Games of hide and seek and partial copies of a record are inappropriate in federal court. The courts will not be hobbled by a petitioner's choosing to reveal a record only partially. This time Keller has defeated himself and subverted his chance at a timely, cognizable petition for habeas relief.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

5

This the __23rd__ day of October, 2006.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE